*1236 OPINION.
Teussell :
The record in this action establishes facts that for each of the years here under consideration the petitioner made income-tax returns substantially in accord with the requirements of the law and of department regulations. The fact that slight deficiencies have been found and admitted for the years 1921 and 1922 falls far short of showing that petitioner’s returns for those years were either false or fraudulent, and as to the year 1923, so far as the record shows, the only question as to the truthfulness of petitioner’s return was whether he should have included in his income certain partnership profits attributable to and earned by the separate property of his wife. We are of the opinion and so find that the fraud penalties asserted by the respondent for each of the three years under consideration must be disallowed.
Concerning the question of the. liability to income tax upon distributive shares of the gains and profits of the Blackmer Rotary Pump Co., a partnership, during the year 1923, it is established that substantially 23y2 per cent of the property interest in said partnership was the separate property of the petitioner’s wife, and without regard to whether under the laws of the State of Michigan she was or could have been in all respects treated as a partner in that enterprise. There is no question as to the fact of her separate property being entitled to share in the gains and profits of the enterprise, and that, therefore, such distributive share of gains and profits were her separate income. In L. F. Sunlin, 6 B. T. A. 1232, the Board discussed this situation fully, and the reasoning and decision in that case is here followed.
The item of gains and profits here under consideration having become the separate property of petitioner’s wife as a resident of the State of Michigan, the ownership and control of said gains and profits could in no way have been changed by the removal of *1237 the petitioner and his wife from Michigan to California between the dates of the acquirement of the gains and profits and the date the income-tax return was required to have been made.
We are of the opinion and so hold that the $27,620.22 gains and profits produced by the Blackmer Rotary Pump Co., during that part of the year 1923 in which said company was a partnership, were properly returned for income tax by petitioner’s wife and may not be added to the gross income of the petitioner.
The deficiencies should be recomputed in accord with the foregoing findings of fact and opinion.

Judgment will Toe entered upon 15 days’ notice, pursucmt to Rule 50.